Todd J. Krakower (TK-4568)
KRAKOWER DICHIARA LLC
100 Church St, 8th Fl
New York, NY 10007
Telephone: (201) 746-6333
Fax: (347) 765-1600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

**SERGHEI TALMACI,**

                          **Plaintiff,**

      -against-

**VEP ASSOCIATES LLC, AMERICAN FIRE & SECURITY, INC., and ROMAN PYATETSKY, Individually,**

                          **Defendants.**
-----------------------------------------------------------------x

**COMPLAINT**
_____-cv-_____ (____)
**DEMAND FOR JURY TRIAL**

Plaintiff, SERGHEI TALMACI, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants VEP ASSOCIATES LLC, AMERICAN FIRE & SECURITY INC., and ROMAN PYATETSKY, Individually, and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); Defendant's violations of New York Labor Law, N.Y. Lab. Law §§ 650, *et seq*. ("NYLL"); and Defendant's violations of all other appropriate rules, regulations, and statutes.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**Defendant VEP ASSOCIATES LLC**

5. Defendant VEP Associates LLC ("VEP") is a for-profit corporation organized and existing under the laws of the State of New York.

6. Defendant VEP maintains executive offices and/or a principal place of business at 726 Gerald Court, Brooklyn, New York, in Kings County.

7. Upon information and belief, at all times relevant to this Complaint, the annual gross receipts of Defendant VEP were not less than $500,000.

8. At all times relevant to this Complaint, Defendant VEP was engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

9. At all times relevant to this Complaint, Defendant VEP was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

10. At all times relevant to this Complaint, Defendant VEP was and is an employer within the meaning of the NYLL § 190(3) and § 651(6) and, at all times relevant to this Complaint, employed Plaintiff.

11. At all times relevant to this Complaint, Defendant VEP routinely conducted, and continues to routinely conduct, business within the State of New York and within the County of Kings.

**Defendant American Fire & Security, Inc.**

12. Defendant American Fire & Security, Inc. ("AFS") is a for-profit corporation organized and existing under the laws of the State of New York.

13. Defendant AFS maintains executive offices and/or a principal place of business at 1225 Franklin Ave, Suite 325, Garden City, New York, in Nassau County.

14. Upon information and belief, at all times relevant to this Complaint, the annual gross receipts of Defendant AFS were not less than $500,000.

15. At all times relevant to this Complaint, Defendant AFS was engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

16. At all times relevant to this Complaint, Defendant AFS was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

17. At all times relevant to this Complaint, Defendant AFS was and is an employer within the meaning of the NYLL § 190(3) and § 651(6) and, at all times relevant to this Complaint, employed Plaintiff.

18. At all times relevant to this Complaint, Defendant AFS routinely conducted, and continues to routinely conduct, business within the State of New York and within the County of Kings.

**Defendant Roman Pyatetsky**

19. Upon information and belief, Defendant Roman Pyatetsky ("Pyatetsky") was an officer and/or owner of Defendant VEP.

20. Upon information and belief, Defendant Pyatetsky was an officer and/or owner of Defendant AFS.

21. At all times relevant to this Complaint, Defendant Pyatetsky had power over personnel decisions at Defendant VEP, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

22. At all times relevant to this Complaint, Defendant Pyatetsky had power over personnel decisions at Defendant AFS, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

23. Upon information and belief, at all times relevant to this Complaint, Defendant Pyatetsky had the power to determine employee policies at Defendant VEP, including, but not limited to determining whether employees are paid for all hours worked and whether employees are paid overtime wages.

24. Upon information and belief, at all times relevant to this Complaint, Defendant Pyatetsky had the power to determine employee policies at Defendant AFS, including, but not limited to determining whether employees are paid for all hours worked and whether employees are paid overtime wages.

25. Upon information and belief, at all times relevant to this Complaint, Defendant Pyatetsky was actively involved in managing the day-to-day operations of Defendant VEP.

26. Upon information and belief, at all times relevant to this Complaint, Defendant Pyatetsky was actively involved in managing the day-to-day operations of Defendant AFS.

27. At all times relevant to this Complaint Defendant Pyatetsky was and is an employer within the meaning of the NYLL § 190(3) and § 651(6), and employed employees, including Plaintiff.

28. At all times relevant to this Complaint, Defendant Pyatetsky was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

**Plaintiff Serghei Talmaci**

29. Plaintiff was employed by Defendants as a security guard from approximately October 2016 until on or about June 16, 2020.

### FACTS

30. Defendants undertook the following acts and omissions knowingly, willfully, and intentionally.

31. All actions and omissions described in this Complaint were made by Defendants directly and/or through their supervisory employees and agents.

**WAGE AND HOUR VIOLATIONS**

32. Throughout Plaintiff's employment, Plaintiff performed security guard duties at NetCost Market locations (the "Store") in Brooklyn, New York.

33. Throughout Plaintiff's employment, he was scheduled to work four days per week.

34. Each scheduled workday, Plaintiff was required to begin work 15 minutes before the Store opened for the day.

35. Each scheduled workday, Plaintiff was required to work the entire time the Store was open for the day.

36. Each scheduled workday, Plaintiff was required to work until the Store closed and set its alarm, which was approximately 30 minutes to 1 hour after the Store closed for the day.

37. Plaintiff was regularly required to continue working through his lunch break.

38. The Store was regularly open from 9 a.m. until 10 p.m. each day Plaintiff worked.

39. The Store occasionally had extended hours so that it was open from 9 a.m. until 11 p.m. or 12 a.m. on days that Plaintiff worked.

40. At all times relevant to this Complaint, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

41. Plaintiff routinely worked approximately 12-14 hours per day.

42. Plaintiff routinely worked approximately 48-56 hours per week.

43. Throughout Plaintiff's employment, he was employed by Defendants in a non-exempt position and was therefore entitled to overtime pay.

44. Defendants did not pay Plaintiff time and a half for any hours worked in excess of 40 in a week.

45. Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) in a workweek in violation of the NYLL and the FLSA.

46. Defendants did not pay Plaintiff at all for any hours worked prior to the Store opening for the day.

47. Defendants knew or should have known Plaintiff worked hours prior to the Store opening for the day.

48. Defendants failed to properly track Plaintiff's hours.

49. Defendants failed to create and maintain accurate time records as required by the FLSA and NYLL.

**OTHER NYLL VIOLATIONS**

50. Throughout Plaintiff's employment, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

51. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §195(1); the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

52. Throughout Plaintiff's employment, Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL § 195(3).

53. Defendants did not pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

54. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

55. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant employed employees, including Plaintiff.

57. During the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

58. At all times relevant to this Complaint, Plaintiff was not exempt from overtime under the Fair Labor Standards Act.

59. At all times relevant to this Complaint, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees, including Plaintiff, overtime pay.

60. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for hourly wage and overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Overtime Violations of the**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.*

61. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

62. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

63. During the period of Plaintiff's employment with Defendants, Defendants willfully, regularly and repeatedly failed to pay Plaintiff for actual time worked at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

64. Plaintiff was not exempt from overtime under New York Labor Law.

65. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**Violation of the Notice and Recordkeeping**
**Requirements of the New York Labor Law**

66. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

67. Defendants failed to provide Plaintiff with a written notice containing: the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

9

allowances; the regular pay day designated by the employer; the names of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

68. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Provisions of the
### New York Labor Law

69. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

70. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

71. Defendants are liable to Plaintiff in the amount of 5,000, together with costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### Failure to Pay Spread of Hours in Violation of the
### New York Labor Law

72. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

73. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

74. Plaintiff's spread of hours from the time he started work to the time he ended work was routinely 10 or more hours.

75. Plaintiff was entitled to an extra hour's pay each time he worked a spread of hours of at least 10 hours in a day.

76. Defendants failed to pay Plaintiff an extra hour's pay when he worked a spread of hours of at least 10 hours in a day.

77. Defendants' failure to pay Plaintiff's spread-of-hours pay was not in good faith.

78. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### Individual Liability Pursuant to NY BCL §630

79. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

80. Pursuant to New York Business Corporation Law Section 630, in addition to their individual liability under the previously plead caused of action, the ten (10) largest shareholders of Defendant JK, shall be liable for all debts, wages, or salaries due and owing to any of its employees for services performed.

81. Pursuant to New York Business Corporation Law Section 630, in addition to their individual liability under the previously plead caused of action, the ten (10) largest shareholders

of Defendant 765, shall be liable for all debts, wages, or salaries due and owing to any of its employees for services performed

82. Defendants failed to pay Plaintiff his earned wages in full, including wages for all hours worked.

83. Defendants failed to pay Plaintiff his earned wages in full, including overtime wages for all hours worked in excess of forty (40) in a workweek.

84. All of these underpayments constitute "wages" within the meaning of New York Business Corporation Law Section 630.

85. Plaintiff has provided written notice to Defendants that Plaintiff intends to hold them liable under New York Business Corporation Law Section 630.

86. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

    A.    All compensatory and economic damages;

    B.    All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show himself justly entitled;

    C.    All punitive and statutory damages authorized by law;

    D.    Pre-judgment and post-judgment interest; and

    E.    Such further relief as the Court finds just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, NY
September 7, 2022

Respectfully submitted,

**KRAKOWER DICHIARA LLC**

By: __*s/ Todd Krakower*_____
Todd J. Krakower

100 Church St, 8th Fl
New York, NY 10007
T: (201) 746-6333
F: (347) 765-1600
*Attorneys for Plaintiff*