UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SERGHEI TALMACI,                                       :
                        Plaintiff,              :
                                                 :
     -against-                              :   **REPORT AND**
                                                 :   **RECOMMENDATION**
VEP ASSOCIATES LLC, AMERICAN FIRE &                    :
SECURITY, INC., and ROMAN PYATETSKY,                   :   22-CV-5309 (CBA)(MMH)
individually,                                          :
                                                 :
                        Defendants.             :
-------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Serghei Talmaci brings this wage and hour action against Defendants VEP Associates LLC ("VEP"), American Fire & Security Inc. ("AFS"), and Roman Pyatetsky ("Pyatetsky"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the New York Labor Law, Art. 6, §§ 1 *et seq.* (the "NYLL"). (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 17.) The Honorable Judge Carol Bagley Amon referred the motion for report and recommendation.

       For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment should be **denied** without prejudice**,** and that Plaintiff should be granted thirty days to file an amended complaint that cures the deficiencies noted herein.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

I.   **BACKGROUND**

   A.   **Factual Allegations**

The following facts are taken from the Complaint and the affidavits in support of Plaintiff's motion and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

At all relevant times, VEP was a for-profit corporation with its principal place of business at 726 Gerald Court, Brooklyn, New York. (Compl., ECF No. 1 ¶¶ 5–6.) AFS was a for-profit corporation with its principal place of business at 1225 Franklin Avenue, Suite 325, Garden City, New York. (*Id.* ¶¶ 12–13.) Pyatetsky owned VEP and AFS. (*Id.* ¶¶ 19–20.) From approximately October 2016 until on or about June 16, 2020, Defendants employed Plaintiff as a security guard at NetCost Market locations in Brooklyn, New York. (*Id.* ¶¶ 29, 32).

Plaintiff alleges he worked four days per week and between 48–56 hours per week. (*Id.* ¶¶ 33, 42.) According to Plaintiff, he was required to work from 9 a.m. until 10 p.m., the stores' regular hours. (*Id.* ¶¶ 35, 38.) Plaintiff occasionally worked until 11 p.m. or 12 a.m. when the stores had extended hours. (*Id.* ¶¶ 35, 39.) Plaintiff alleges that he was required to begin work 15 minutes before the stores opened and worked until 30 minutes to 1 hour after the stores closed. (*Id.* ¶¶ 34, 36.)

Plaintiff alleges that Defendants failed to track Plaintiff's hours, maintain accurate time records, and provide Plaintiff with notices of pay rates and accurate wage statements. (*Id.* ¶¶ 48–52.) He further claims that Defendants failed to pay him overtime and spread of hours. (*Id.* ¶¶ 45, 53.)

### B. Procedural History

Plaintiff initiated this action on September 7, 2022. (*Id.*) Plaintiff served the summons and Complaint on VEP and AFS on September 14, 2022. (Affs. of Service, ECF Nos. 7, 8.) Plaintiff served the summons and Complaint on Pyatetsky on October 21, 2022. (Aff. of Service, ECF No. 9.) After Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on December 6, 2022. (Entry of Default, ECF No. 12.)

Plaintiff initially moved for default judgment on February 6, 2023, seeking damages including unpaid wages, liquidated damages, prejudgment interest, and attorneys' fees. (ECF Nos. 13–14.) Judge Amon referred the motion for report and recommendation. (Feb. 7, 2023 Order Referring Mot.) On June 7, 2023, the Court ordered Plaintiff to show cause why the first motion for default judgment should not be denied for failure to comply with this district's Local Civil Rules' requirements for default judgment motions. (June 7, 2023 Order to Show Cause (citing Local Civ. R. 55.2(c) and collecting cases).) Subsequently, Plaintiff withdrew the first motion for default judgment without prejudice and filed the instant motion on June 21, 2023, seeking the same relief. (*See generally* Pl. Mem., ECF No. 18.) Judge Amon referred the second motion for report and recommendation. (June 21, 2023 Order.)

To date, Defendants have not appeared in this case or responded to Plaintiff's motion.

## II. DISCUSSION

### A. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y

3

Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

As discussed below, the Complaint fails to state an FLSA cause of action because it fails to plead that Plaintiff is an individual engaged in commerce or that VEP and AFS are enterprises engaged in commerce. As a result, the Court's discretionary exercise of supplemental jurisdiction over Plaintiff's NYLL claims is not warranted. Instead, Plaintiff should be granted leave to amend the Complaint to correct the deficiencies identified herein.

### B. FLSA Liability

To establish a minimum wage or overtime claim under the FLSA, the "plaintiff must prove the following: (1) the defendant is an employer subject to [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of [the] FLSA; and (3) the employment relationship is not exempted from the FLSA." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019) (cleaned up), adopted by Order Adopting R. & R., *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB) (E.D.N.Y. Mar. 31, 2020); 29 U.S.C. §§ 206(a), 207(a).

An employer includes "any person [*e.g.*, an individual or a corporation] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a), (d). "For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *adopted by* Order Adopting R. & R., *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207. These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively. *Sanchez v. Ms. Wine Shop*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022). To properly allege individual or enterprise coverage, a plaintiff needs to state the nature of his work and the nature of his employer's business with straightforward allegations connecting that work to interstate commerce. *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK)(SJB), 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021), *adopted by* 2021 WL 4340963 (E.D.N.Y. Sept. 23,

5

2021). Failure to properly plead either individual or enterprise coverage warrants denial of a motion for default judgment. *Id.* at *5.

Here, Plaintiff does not plead individual coverage and fails to properly plead enterprise coverage, thus warranting a denial of the motion for default judgment.

### 1. Individual Coverage

"Individual coverage under [the] FLSA can be established where the employee is engaged in commerce or produced goods in commerce." *Alvarado v. J.A. Vasquez Landscaping Corp.*, No. 20-CV-4005 (MKB)(SJB), 2022 WL 17775252, at *2 (E.D.N.Y. Feb. 9, 2022). "Employees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. "As a basic rule, if the plaintiff did not have any contact with out-of-state customers of businesses, he cannot be individually covered under the FLSA." *Santacruz*, 2021 WL 4341103, at *4. Further, "[a]n employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting or in another manner working on such goods." 29 U.S.C. § 203(j). "Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce," "workers who order, receive, pack, ship, or keep records of such goods," "clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication," and "employees who regularly travel across State lines while working." 29 C.F.R. § 779.103.

6

Here, "[n]owhere in the Complaint [or the default motion papers] are there allegations that Plaintiff was engaged in commerce or the production of goods for commerce." *Oyenuga v. Presidential Sec. Servs. LLC,* No. 22-CV-4972 (DG)(RER), 2023 WL 7687237, at *3 n.2 (E.D.N.Y. Sept. 25, 2023).  The Complaint does not allege, even in a conclusory fashion, that Plaintiff was involved with the movement of materials among or between states or that he had any contact with any out-of-state customers or businesses.  The Complaint only states that "Plaintiff was employed . . . as a security guard" and "performed security guard duties" at locations in Brooklyn, New York.  (Compl., ECF No. 1 ¶¶ 29, 32.)  Similarly, Plaintiff's affidavit also does not provide further information about his role and simply states that he "was employed as a security guard" and "performed security services for defendants at . . . food stores in Brooklyn, New York." (Talmaci Decl., ECF No. 19 ¶ 1.)  Plaintiff thus fails to describe what his duties included, such as whether he helped pack or handle goods that were shipped or delivered outside of the State, regularly used the telephone or other means for interstate communication, or regularly traveled across states lines for during his security guard shifts.  *See* 29 C.F.R. § 779.103.  Instead, Plaintiff's barebones allegations, "without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." *Santacruz*, 2021 WL 4341103, at *4.

Accordingly, Plaintiff has failed to establish individual coverage under the FLSA.

### 2. Enterprise Coverage

An employer is an "enterprise engaged in commerce or in the production of goods for commerce" subject to the FLSA when the employer: (1) "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise

7

working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an "annual gross volume of sales made or business done . . . not less than $500,000[.]"  29 U.S.C. § 203(s)(1)(A)(i)–(ii); *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR)(VMS), 2020 WL 6370148, at *10 (E.D.N.Y. Aug. 11, 2020) ("*Guanglei I*"), *adopted by* 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) ("*Guanglei II*").

"On default, a plaintiff's allegations are sufficient to subject a defendant to FLSA liability as long as one may reasonably infer that a business was an 'enterprise engaged in commerce.'"  *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB), 2023 WL 2542702, at *5 (E.D.N.Y. Feb. 14, 2023) (quoting *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015)), *adopted by* Order Adopting R. & R., *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB) (E.D.N.Y. Mar. 16, 2023).  Here, however, the Complaint fails to assert sufficient facts regarding Defendants' status as an enterprise engaged in interstate commerce.  Specifically, Plaintiff only asserts that "at all times relevant to this Complaint, the annual gross receipts of [the Corporate Defendants] were not less than $500,000" and that "[the Corporate Defendants were] engaged in an industry having an effect on commerce."  (Compl., ECF No. 1 ¶¶ 7–8, 14–15.)  These conclusory allegations are no more than a rote recitation of the statutory language.  Plaintiff fails to provide any additional factual information regarding the nature of the security services provided, any tools or implements used to perform those services, or how the services connect to interstate commerce.  In other words, Plaintiff's allegations fail to provide sufficient facts for the Court to reasonably infer that the security services Plaintiff performed or the nature of VEP or AFS's business qualify them as an enterprise engaged in interstate commerce and therefore subject to the FLSA's provisions.

Notably, "[t]his Court is not alone in finding it too attenuated to infer enterprise coverage based solely on the job description of security personnel." *Oyenuga*, 2023 WL 7687237, at *4 (internal quotation marks omitted) (collecting cases in which courts could or could not infer enterprise coverage if plaintiffs alleged specific facts about, *inter alia*, locations of protected entities, and tools and implements used to perform security guard duties). "Unlike a grocery store or a restaurant, security services and a security person do not necessarily have the requisite ties to interstate commerce." *Id.* at *5. Here, while the Complaint states that Plaintiff was employed as a security guard at food stores, Plaintiff does not allege that VEP or AFS purchased or handled out-of-state supplies or that he used materials that moved in interstate commerce. "If Plaintiff had asserted that [the Corporate Defendants] purchased or handled out of state supplies, then the pleading requirements would have been fulfilled." *Id.* at *4; *see also Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021 (JG)(SMG), 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (finding enterprise coverage for security company where plaintiff alleged that employees handled materials that moved through interstate commerce such as uniforms, walkie-talkies, and flashlights.)

In sum, Plaintiff has not adequately alleged that the Corporate Defendants are an enterprise subject to the FLSA. Accordingly, the Court respectfully recommends that the motion for default judgment should be denied as to Plaintiff's FLSA claims.

**C.     NYLL Claims**

Plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction for the NYLL claims. (Compl., ECF No. 1 ¶ 3.) Because Plaintiff failed to demonstrate an element of his FLSA claims, only the NYLL claims remain. "Whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367

9

'is within the sound discretion of the district court.'" *Hosseini v. Miilkiina LLC*, No. 22-CV-01459 (LJL), 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013)). "[A] court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves 'judicial economy, convenience, fairness and comity.'" *Guanglei II*, 2020 WL 5105063, at *3 (citing 28 U.S.C § 1367(c) ("district courts *may* decline to exercise supplemental jurisdiction") (emphasis added)).

"'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point towards declining to exercise jurisdiction over the remaining state law claims.'" *Singh v. Mowla*, No. 19-CV-4687 (PKC)(LB), 2022 WL 17820099, at *8 (E.D.N.Y. Sept. 30, 2022) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Such is the case here, where "[d]eclining to exercise supplemental jurisdiction at this stage just means [the Court chooses] not to decide the merits of [Plaintiff's] NYLL claims against the corporate defendant[s] in this opinion to avoid '[n]eedless decisions of state law.'" *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203 (CBA)(SJB), 2023 WL 2347885, at *6 (E.D.N.Y. Mar. 3, 2023) (citing *Guanglei II*, 2020 WL 5105063, at *3 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))). "[I]f Plaintiff is able to adequately plead [his] claims . . . judicial economy will be better served by a decision that addresses both the federal and state claims." *Hosseini*, 2023 WL 2136390, at *7.

Accordingly, the Court respectfully recommends that the remaining state law claims should be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's second motion for default judgment at ECF No. 17 should be **denied without prejudice**. The Court further recommends that Plaintiff should be permitted to file and serve an amended complaint alleging facts sufficient to impose FLSA enterprise coverage and/or individual coverage against Defendants.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of the Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses forthwith: (1) VEP Associates, 726 Gerald Court, Brooklyn, NY 11235; (2) American Fire & Security, Inc., 1225 Franklin Avenue, Suite 325, Garden City, NY 11530; (3) Roman Pyatetsky, 2520 Batchelder Street, Apartment 8J, Brooklyn, NY 11235.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Amon. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 14, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge