UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SERGHEI TALMACI,

                        Plaintiff,

  -against-

VEP ASSOCIATES LLC, AMERICAN FIRE &
SECURITY, INC., and ROMAN PYATETSKY,
individually,

                        Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-5309 (CBA) (MMH)

**AMON, United States District Judge:**

On September 7, 2022, plaintiff Serghei Talmaci ("Talmaci" or "Plaintiff") filed this action against VEP Associates LLC ("VEP"), American Fire & Security, Inc. ("AFS"), and Roman Pyatetsky ("Pyatetsky" and collectively with VEP and AFS, "Defendants"), alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); failure to pay spread-of-hours pay in violation of the NYLL; failure to provide wage statements and wage notices in violation of the NYLL; and failure to pay wages for all hours worked in violation of New York Business Corporation Law ("NY BCL") Section 630. (ECF Docket Entry ("D.E.") # 1 ¶¶ 54-86.) Plaintiff sought compensatory damages, fees and costs, punitive and statutory damages, and interest. (Id. at 12.)

After Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on December 6, 2022. (D.E. # 12.) Talmaci initially moved for default judgment on February 6, 2023, seeking damages including unpaid wages, liquidated damages, prejudgment interest, and attorneys' fees. (D.E. ## 13–14.) I referred that motion to the Honorable Marcia M. Henry, United States Magistrate Judge, for report and recommendation. (D.E. dated Feb. 7, 2023.) On June 7, 2023, Magistrate Judge Henry ordered Plaintiff to show cause why the first motion for default judgment should not be denied for failure to comply with

1

this district's Local Civil Rules' requirements for default judgment motions. (D.E. dated June 7, 2023.) Plaintiff subsequently withdrew the first motion for default judgment without prejudice and filed the instant motion on June 21, 2023, seeking the same relief. (D.E. # 18.) I referred this second motion to Magistrate Judge Henry for report and recommendation. (D.E. dated June 21, 2023.)

On March 14, 2024, Magistrate Judge Henry issued her Report and Recommendation recommending that the motion for default judgment be denied without prejudice as to all Defendants. (D.E. # 23 ("R&R").) Specifically, Magistrate Judge Henry found that Talmaci's FLSA claims fail because Talmaci did not adequately plead either (1) that Defendant is an employer subject to FLSA because the Complaint includes no facts from which to reasonably infer that Defendants are an enterprise engaged in interstate commerce; or (2) that Talmaci is an employee subject to FLSA because the Complaint fails to allege that Talmaci regularly engaged in interstate commerce. (Id. at 5-6 (citing Marine v. Vieja Quisqueya Rest. Corp., No. 20-CV-4671 (PKC) (RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), report and recommendation adopted, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207).) Since Magistrate Judge Henry found that Plaintiff failed to adequately plead his federal claims, Magistrate Judge Henry recommended that I decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice. (Id. at 10.) Magistrate Judge Henry further recommended that Plaintiff be granted 30 days to file an amended complaint that cures the deficiencies noted. (Id. at 1.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept

those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, Talmaci's motion for default judgment against Defendants is DENIED without prejudice. Plaintiff is granted 30 days to file an amended complaint that cures the deficiencies discussed therein.

SO ORDERED.

Dated: March 29, 2024
       Brooklyn, New York

                                       s/Carol Bagley Amon
                                       Carol Bagley Amon
                                       United States District Judge