UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SERGHEI TALMACI,

        Plaintiff,

 -against-

VEP ASSOCIATES LLC, AMERICAN FIRE & SECURITY, INC., and ROMAN PYATETSKY, individually,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-5309 (CBA) (MMH)

**AMON, United States District Judge:**

  On September 7, 2022, plaintiff Serghei Talmaci ("Talmaci" or "Plaintiff") filed this action against VEP Associates LLC ("VEP"), American Fire & Security, Inc. ("AFS"), and Roman Pyatetsky ("Pyatetsky" and collectively with VEP and AFS, "Defendants"). Tamalci's First Amended Complaint (ECF Docket Entry ("D.E.") # 26 ("Am. Compl.")) alleges failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); failure to pay spread-of-hours pay in violation of NYLL; and failure to provide wage statements and wage notices in violation of NYLL. Plaintiff also alleges that the ten largest shareholders of VEP and AFS were liable for unpaid wages pursuant to New York Business Corporation Law ("NY BCL") Section 630. (D.E. # 26 ¶¶ 43-97.) Plaintiff seeks compensatory, punitive, and statutory damages, as well as fees, costs, and interest. (Id. at 13-14.)

  Plaintiff first moved for default judgment on February 6, 2023. (D.E. ## 13-14.) I referred that motion to the Honorable Marcia M. Henry, United States Magistrate Judge, for report and recommendation. (D.E. dated Feb. 7, 2023.) On June 7, 2023, Magistrate Judge Henry ordered Plaintiff to show cause why the first motion for default judgment should not be denied for failure to comply with this District's Local Civil Rules' requirements for default judgment motions. (D.E. dated June 7, 2023.) Plaintiff subsequently withdrew the first motion for default judgment without

1

prejudice and filed the instant motion on June 21, 2023, seeking the same relief. (D.E. # 18.) I referred this second motion to Magistrate Judge Henry for report and recommendation. (D.E. dated June 21, 2023.)

On March 14, 2024, Magistrate Judge Henry issued her Report and Recommendation recommending that the motion for default judgment be denied without prejudice as to all Defendants. (D.E. # 23 ("R&R I".) Judge Henry found that Plaintiff's first complaint (D.E. # 1) did not state a FLSA cause of action because it failed to plead either that Plaintiff was an individual engaged in commerce or that VEP and AFS were enterprises engaged in commerce. (D.E. # 23 at 4.) On March 29, 2024, I adopted that R&R (D.E. # 24), which granted Plaintiff thirty days to amend his complaint.

Tamalci filed his Amended Complaint on April 16, 2024. (D.E. # 26.) Defendants have been properly served all required papers. (D.E. ## 29, 30, 34.) On July 9, 2024, Pyatetsky filed a motion for an extension to answer the Amended Complaint. (D.E. # 33.) I extended his time to answer until August 30, 2024 (D.E. dated July 9, 2024.) Despite this extension, Pyatetsky never answered the Amended Complaint. Defendants have otherwise failed to respond to the Amended Complaint.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F.

2

Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the instant R&R.

Therefore, I grant in part Tamalci's motion for default judgment as to his FLSA and NYLL overtime wages claims (Claims I and II). I dismiss without prejudice Tamalci's NYLL wage notice and wage statement violation claims (Claims III and IV) for lack of Article III standing. I deny Plaintiff's motion for default judgment on his spread-of-hours pay claim (Claim V). The Clerk of Court is respectfully directed to enter judgment for Plaintiff for $72,554.13, which includes $21,856.88 in unpaid overtime wages, $21,856.88 in liquidated damages, $14,003.22[1] in prejudgment interest to increase at a rate of $5.39 per day until entry of judgment, $14,108.00 in attorneys' fees, $810.00 in costs, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961, consistent with this order and to close the case.

SO ORDERED.

Dated: September 26, 2024
Brooklyn, New York

Carol Bagley Amon
United States District Judge

---

[1] This number has been adjusted to incorporate the fifteen days that have passed since Judge Henry filed the R&R. (D.E. # 43 at 36.) The methods employed therein to calculate prejudgment interest have not changed. (Id. at 31 n.7.)

3